UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50453
Summary Calendar
_____


DAMON HENRY DOWNS,

                                    Plaintiff-Appellant,

                        versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

                                    Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
(W-95-CV-114)
_____
January 21, 1997

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Texas prisoner Damon Henry Downs appeals from sanctions imposed by the district court following the dismissal of Downs's civil rights action. We affirm the sanctions as modified in this opinion.

    Downs argues that the painting he mailed to the district court

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

was not a direct threat to the judiciary. As this court opined in a related proceeding, the painting sent by Downs, a convicted arsonist, was "a graphic threat of death by bombing." This argument warrants no further discussion.

Downs next argues that the district court violated his due process rights when it "effectively <u>found</u> <u>him</u> <u>guilty</u> of making a direct threat to the Judge" and punished him by imposing sanctions without benefit of a jury trial. To the extent that Downs contends that the district court did not have the inherent power to impose sanctions for his conduct, Downs's contention is without merit. <u>See</u> <u>Gelabert v. Lynaugh</u>, 894 F.2d 746, 747 (5th Cir. 1990). Moreover, Downs has a long history of harassing or threatening litigation, and he has been repeatedly warned that such conduct is subject to sanction. Downs thus received adequate notice that his conduct was subject to sanction. <u>Moody v. Baker</u>, 857 F.2d 256, 258 (5th Cir.), <u>cert. denied</u>, 488 U.S. 985, 109 S.Ct. 540 (1988).

Finally, Downs argues that the district court abused its discretion when it imposed a permanent ban on all filings. Following the previous remand of this court, the district court's clarification left the following sanctions in effect: the injunction against communicating with the district court or any court personnel; the direction that any correspondence received from Downs be returned unopened to him; the direction that if any pleadings are inadvertently opened, such pleading will not be accepted for filing; and the order that the court and the clerk's

2

office be placed on a negative mailing list with respect to all correspondence from Downs.

We review a district court's sanctions against vexatious or harassing litigants for abuse of discretion. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). It must be determined whether the court "impose[d] the least severe sanction adequate." Id. at 196. Further, "the imposition of sanctions must not result in total, or even significant, preclusion of access to the courts." Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 882 n.23 (5th Cir. 1988) (en banc).

We have found no authority approving a blanket prohibition on all filing or a complete bar to any communication with the court. Downs's conduct is reprehensible, and we condemn his abuse of the judicial process; nevertheless, we believe we are constrained by precedent to modify a sanction that amounts to a total preclusion of access to federal court.

Rather than remanding this cause for modification and thus adding to the already tortured procedural history of this case, acting under our general supervisory power, we MODIFY the sanctions imposed by the district court and ORDER that: Downs is prohibited from making any communications not related to litigation with the United States District Court for the Western District of Texas or its personnel; Downs may file no pleading in the United States District Court for the Western District of Texas that is accompanied by applications for leave to file or proceed in forma

3

pauperis (IFP), except for those pleadings that specifically allege constitutional deprivation by reason of physical harm or threats to petitioner's person; if a cause of action falling within that exception is alleged, Downs must obtain permission from the court to file the suit IFP, and it will be handled according to the procedures routinely followed pursuant to 28 U.S.C. § 1915(d).[1] See Green v. Carlson, 649 F.2d 285, 287 (5th Cir. Unit A) (petitioner had filed over 500 cases in state and federal court and this court enjoined future IFP suits unless such complaints specifically alleged constitutional deprivation), cert. denied, 454 U.S. 1087, 102 S.Ct. 646 (1981); Green v. White, 616 F.2d 1054, 1055 (8th Cir. 1980) (sister circuit held district court order enjoining petitioner from ever proceeding IFP too severe and modified order). As of this date, the foregoing sanctions are the only sanctions in effect against Downs in the United States District Court for the Western District of Texas. In regard to this court and any other court subject to the jurisdiction of this court (excluding the Western District of Texas), the sanctions we imposed on June 27, 1995, in Cause No. 95-50282 remain in effect.[2]

---

[1] Nothing in this order shall act to modify, limit, or alter the restrictions that operate to revoke the privileges of a prisoner to proceed in forma pauperis as provided in the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), which modifies the requirements for proceeding IFP in federal courts. See Adepegba v. Hammons, WL 742523 (5th Cir. Dec. 31, 1996) (No. 95-31249).

[2] In that case we ordered as follows:

Downs may file no initial pleading in this court or in

4

The sanctions imposed are AFFIRMED as MODIFIED.

---

any court subject to the jurisdiction of this court, except with the advance written permission of a judge of the forum court. Before filing any appeal or other action in this court, Downs shall submit to the clerk of this court a request for permission to file, together with the document that he proposes to file, which the clerk shall direct to an active judge of this court. In requesting the required permission in this court or in any court in this circuit, Downs shall inform the court of the bar stated herein.